IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA

STEVE WALLACE
608 Woodlawn Drive
Anderson, IN 46012

                Plaintiff,

v.

BRITNEY SPEARS
137-139 W. 25th Street
New York, NY 10001
    and
SONY/BMG MUSIC PUBLISHING, INC.
550 Madison Avenue
Madison, NY 10022-3301
    and
ZOMBA RECORDING CORPORATION
ZOMBA ENTERPRISES, INC,
ZOMBA SONGS, INC.
137-139 W. 25th Street
New York, NY 10001
    and
JIVE RECORDS
137-139 W. 25th Street
New York, NY 10001
    and
GRANTSVILLE PUBLISHING, LTD.
137-139 W. 25th Street
New York, NY 10001

                Defendants.

CIVIL ACTION NO. _____

1:05-cv-0660-JDT-WTL

JURY TRIAL DEMANDED

## COMPLAINT

**AND NOW** comes Plaintiff, by and through undersigned counsel, Bochetto & Lentz, P.C., and avers the following in support of his Complaint against the Defendants:

### I. JURISDICTION AND VENUE

1    Jurisdiction is founded upon 28 U.S.C. §1400(a), in that, Plaintiff is the owner of a valid copyright which has been infringed upon by the unlawful acts of Defendants herein.

2 Jurisdiction over this cause of action is also proper before this Court pursuant to 28 U.S.C. §1332(a)(1) and §1332(c) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interest, fees and costs.

3 Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), in that, substantial acts of infringement giving rise to Plaintiff's claims occurred here and Defendants are currently selling and distributing infringing music CDs and tapes in the Southern District of Indiana.

4 Venue is also proper here pursuant to 28 U.S.C. §1391(c) in that Defendants have substantial business contacts with this District as Defendants (or their agents) have marketed and sold the infringing music at issue here.

## II. THE PARTIES

5 Plaintiff, Steve Wallace ("Wallace") is an adult individual residing in Madison County with an address of 608 Woodlawn Drive, Anderson, Indiana 46012. Mr. Wallace is the artist who, in 1990 originally wrote the song "*Sometimes,*" and is the owner of the copyright at issue.

6 Defendant, Britney Spears ("Spears") is a female music entertainer who has infringed plaintiff's copyright by performing the song *"Sometimes"* without plaintiff's authorization. She may be served at 137-139 W. 25th Street, New York, NY 10001, where she maintains a place of business.

7 Defendant, Sony/BMG Music Publishing, Inc. ("BMG") is a promoter of various albums (including the album: "Baby One More Time" and Spears' "Greatest Hits") which contained the song *"Sometimes"* which infringes plaintiff's copyright. This defendant

|   |   |
|---|---|
|   | may be served at 550 Madison Avenue, New York, NY 10022-3301, where it maintains a place of business. |
| 8 | Defendant, Zomba Recording Corporation, Zomba Enterprises, Inc, Zomba Songs, Inc. ("Zomba") is a for profit recording company involved in the music industry, which may be served at 137-139 W. 25th Street, New York, NY 10001 where it maintains a place of business. |
| 9 | Defendant, Jive Records ("Jive") is a for profit record and music publishing company which may be served at 137-139 W. 25th Street, New York, NY 10001. |
| 10 | Defendant, Grantsville Publishing, Ltd. ("Grantsville") is a for profit publishing company in the music industry who may be served at 137-139 W. 25th Street, New York, NY 10001 where it maintains a place of business. |
| 11 | At all times material hereto, Jive, Zomba, Spears, BMG and Grantsville acted together in promoting the infringing music at issue in this litigation. |

### III. THE FACTS

| | |
|---|---|
| 12 | To protect his rights before submission of his song "Sometimes" to third parties, Plaintiff initially prepared a self-executing copyright covering this song which he wrote in February 28, 1990 and was then sealed and placed in an envelope and post marked on April 19, 1990. |
| 13 | Thereafter, in early 1994, Plaintiff distributed the song "*Sometimes*" to various third parties for publishing. |
| 14 | On or about November of 1997, Plaintiff submitted the song "*Sometimes*" to a lyric contest in Pennsylvania. |

15  A side-by-side comparison of the song performed by Britney Spears titled *"Sometimes"* next to plaintiffs' copyrighted song titled *"Sometimes"* shows the song and the lyrics are identical. (See song comparison, **Exhibit "A"** hereto.)

16  At all times relevant hereto, all Defendants were aware that Plaintiff's lyrics to the song *"Sometimes"* had been written and copyrighted by plaintiff.

17  Even after Defendants were placed on actual notice of their infringing activities, and after they admitted to said infringement, they took absolutely no efforts to rectify their unlawful acts or to cease their infringing activity.

18  In correspondence between Britney Spears and the plaintiff, Spears admitted that Plaintiff is the originating artist of the *"Sometimes"* song. (See e-mail from Spears to the Plaintiff, **Exhibit "B"** hereto.)

19  Plaintiff's former manager, Larry Rudolph, also admitted in writing that the song *"Sometimes"* had been originated by Plaintiff. (See e-mail from Mr. Rudolph to Plaintiff, **Exhibit "C"** hereto.)

20  At no time did Defendants receive permission of any type to use or profit from plaintiff's copyrighted *"Sometimes"* material.

21  The song *"Sometimes"* written by Plaintiff in 1990 is one of the most popular songs on the Britney Spears albums and contributed substantially to its success and profits.

22  Defendants specifically highlighted the song "*Sometimes*" on the outside cover of the CD's for sale to induce customers to purchase their CDs. (See CD Jacket, **Exhibit "D"** hereto.)

23  Defendants earned so much money from infringing plaintiff's song, Defendants "re-released" said song on multiple occasions between 1999 and 2004 and was included on

Spears' "Greatest Hits" CD and DVD on November 19, 2004. Defendants further have planned a re-release in 2005, which plaintiff seeks to enjoin unless this matter is resolved.

24  Defendants herein knowingly and wilfully, directly and/or derivatively, copied without independent creation, plaintiff's copyrighted lyrics in the song *"Sometimes"* for the specific purpose of infringing upon plaintiff's copyrights and to unlawfully enrich the Defendants at plaintiff's expense.

25  Plaintiff, as creator of the song *"Sometimes,"* was previously unrepresented by counsel and had been promised by the representative of Defendants that they would resolve this matter, as Defendants' agents had agreed the songs were identical. Plaintiff, who has significant medical disabilities, believed Defendants and awaited efforts to resolve the matter and provide him with compensation for his work. Plaintiff further relied on these representations and avoided bringing this lawsuit directly as a result of said representation.

26  As Plaintiff has direct proof that he wrote his song on February 28, 1990 (over 9 years before defendants' admitted Plaintiff wrote this song), it is clear that the song *"Sometimes"* has been misappropriated and infringed by Defendants.

### COUNT I

### WALLACE v. SPEARS, BMG, ZOMBA, JIVE and GRANTSVILLE

### (COPYRIGHT INFRINGEMENT)

### REQUEST FOR DAMAGES

### PURSUANT TO 17 U.S.C. §504 ET. SEQ.

27  Plaintiff hereby incorporates all other paragraphs as if fully set forth herein at length.

28  On February 28, 1990, Plaintiff wrote the song *Sometimes*. Plaintiff formally registered the copyright covering this material on October 7, 2003 after doing a self executing

copyright in 1990. (The registered copyright at issue is registered under number PANZ-796-154 attached as **Exhibit "E"** hereto.)

29   The song *"Sometimes"* performed by Spears infringes plaintiff's copyrighted music as the lyrics are identical.

30   Defendants' and their agents have falsely claimed the song *"Sometimes"* as their original work in a January 22, 1999 filing with the United States Copyright Office under Registration #PA-932-239 and to the general public. These filings were made approximately 9 years after plaintiff's song was written and five (5) years after Plaintiff first published his music to Defendants and others.

31   Plaintiff seeks a declaratory judgment invalidating Defendants' copyright as it has been procured by fraud and is otherwise invalid and unenforceable.

32   As set forth more fully above, Defendants have wilfully and deliberately infringed upon plaintiff's copyrighted lyrics on multiple occasions, resulting in substantial profits without obtaining a license from Plaintiff.

33   At no time did any Defendant have a license or authority to use any form of plaintiff's copyrighted lyrics.

34   In addition to the direct "access" referenced herein, the exactness of the two works, as set forth in Exhibit "A" hereto, raises a clear "inference" of such access.

35   Based on the foregoing, Plaintiffs are entitled to have Defendants disgorge all profits earned (directly or indirectly) as a result of defendants' copyright infringement.

36   In the alternative to disgorgement of defendants' profits, pursuant to 17 U.S.C. §504, Plaintiff is entitled to One Hundred Fifty Thousand ($150,000) Dollars per willful infringement.

37   Pursuant to 17 U.S.C. §505, Plaintiff is also entitled to reasonable costs and attorneys fees incurred in proceeding with this action.

**WHEREFORE**, Plaintiff requests judgment against all Defendants for an amount of compensatory and punitive damages in excess of the applicable arbitration limits representing defendants' profits, or alternatively, $150,000 per willful infringement, plus interest, costs, attorney's fees, and such other relief as the Court deems just.

## COUNT II

### WALLACE v. SPEARS, BMG, ZOMBA, JIVE and GRANTSVILLE

### (COPYRIGHT INFRINGEMENT)

### REQUEST FOR INJUNCTIVE RELIEF

### PURSUANT TO 17 U.S.C. §502, ET. SEQ.

38   Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein at length.

39   Defendants have willfully infringed on the copyrighted lyrics in the song *"Sometimes"* belonging to Plaintiff.

40   Defendants' infringement, use, sale and/or pirating of Plaintiff's copyrighted song *"Sometimes"* has caused permanent and irreparable harm to Plaintiff.

41   Unless an injunction is granted barring Defendants from further re-releases, distribution, marketing, selling, publishing, or otherwise promoting its infringement the lyrics in *"Sometimes,"* Plaintiff will suffer ongoing irreparable harm.

42   Plaintiff does not have an adequate remedy at law.

43   Based upon the clear and willful violations in this case, and the substantial similarity of the two works, Plaintiff has a substantial likelihood of success on the merits.

44   Greater harm will befall the Plaintiff than will befall Defendants if the injunctive relief herein is not granted.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order:

- (a) restraining all Defendants here and abroad from promoting, re-releasing, selling, marketing, advertising, shipping, transporting (directly or indirectly) or otherwise moving in domestic or foreign commerce, any and all products which infringe upon Plaintiff's copyrighted works; and/or

- (b) ordering Defendants to forfeit (and/or recall) all CDs or other forms of music recording containing infringing material; and

- (c) ordering Defendants to recall and remove any and all of their catalogs, websites, books, posters or brochures or other material which contain any works or references to any works that infringe on Plaintiff's works;

- (d) ordering all of Defendants' agents to refrain from selling or marketing the infringing work in question;

- (e) ordering that Plaintiff be credited for their work in any future versions sold; and

- (f) providing such other relief as the Court deems just, including all costs, expenses and attorney's fees.

## COUNT III

### WALLACE v. SPEARS, BMG, ZOMBA, JIVE and GRANTSVILLE

### REQUEST FOR DECLARATORY RELIEF

### PURSUANT TO 28 U.S.C. §2201

45   Plaintiff hereby incorporates all other paragraphs as if fully set forth herein at length.

46   Defendants and their agents falsely filed for copyright ownership on the lyrics for the song *Sometimes* on January 22, 1999 and obtained registration no. PA932-239, when defendants knew Plaintiff had written this song in 1990.

47   These copyrights were obtained by fraud and should either be invalidated or assigned to the Plaintiff.

48   This raises a legal dispute that can properly be decided by a request for a declaratory judgment that defendants' copyrights filed <u>9 years</u> after plaintiff wrote said song is invalid.

WHEREFORE, Plaintiff requests a judgment declaring Defendants' copyright as it applies to the song *"Sometimes"* as invalid, as said music was originated by Plaintiff. Plaintiff also seeks all attorneys fees and costs incurred in seeking this declaratory judgment along with such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Trial by a Jury of twelve (12) persons is demanded as to all issues.

BOCHETTO & LENTZ, P.C.

By: *Gavin P. Lentz by Jon*
Gavin P. Lentz, Esquire
George Bochetto, Esquire
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
Counsel for Plaintiff

JOHN D. RITCHISON LAW OFFICES

By: *John D. Ritchison*
John D. Ritchison (Indiana Bar #12066-48)
15 E. 9th Street, Suite A
Anderson, IN 46016
Co-counsel for Plaintiff

9